# LAW OFFICES OF JOSEPH F. KILADA, P.C.

**Long Island Office**
100 Quentin Roosevelt Boulevard, Suite 208
Garden City, NY 11530
Phone: (516) 222-0454
Fax: (516) 908-4266

February 16, 2015

**VIA ECF & FACSIMILE**
Hon. John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RE: UNITED STATES V. ~~[REDACTED]~~
12-CR-078 (JG)

Dear Judge Gleeson:

At the prior status conference, the court informed defense counsel of the concern for the presumption of public access to an open court and to be prepared to discuss that concern at the sentencing. In anticipation of that court order, I respectfully submit this memorandum outlining the issue.

### MEMORANDUM

**Issue:** Can the sentencing proceeding for the defendant be closed to the public on the grounds that a public hearing could potentially threaten the safety of the defendant?

**Brief Answer:** Yes, The defendant would have to overcome a high burden to overcome the presumption of access; however, under the facts of this case, he is able to do so.

The public has both a common law and a qualified First Amendment right of access to judicial proceedings and documents (see Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 580 [1980]; Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 [2nd Cir. 2006]; U.S. v. Munir, 953 F.Supp.2d 470, 474-78 [E.D.N.Y. 2013]). This "presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice" (U.S. v. Amodeo, 71 F.3d 1044, 1048 [2nd Cir. 1995]). "Proceedings cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and narrowly tailored to serve that interest'" (Press-Enterprise Company v. Superior Court of California [Press-Enterprise II], 478 U.S. 1, 13-14 [1995], quoting Press-Enterprise Company v. Superior Court of California [Press-Enterprise I], 464 U.S. 501, 510 [1983]).

This presumption applies to sentencing proceedings, which are generally required by statute to be held "in open court" (18 U.S.C. § 3553(c)). "Access to sentencing proceedings . . . is particularly important because most cases do not go to trial" (U.S. v. Alcantara, 396 F.3d 189, 198-99 [2nd Cir. 2005]). As such, the power to completely close a sentencing hearing is "one to be very seldom exercised, and even then only with the greatest caution, under urgent circumstances, and for very clear and apparent reasons" (see id. at 199 [internal quotations omitted]). In U.S. v. Huntley (943 F.Supp. 383 [E.D.N.Y. 2013]), the District Court commented that the Second Circuit had not yet articulated what "higher values" meriting granting closure might constitute in the context of a sentencing proceeding (see 943 F.Supp. at 386). Other District Courts had cited the jeopardization of ongoing or future investigations and the need for the confidentiality of investigations as two such potential higher values (see id.; see also U.S. v.

Milken, 780 F.Supp. 123, 127 [S.D.N.Y. 1991]; U.S. v. Park, 619 F.Supp.2d 89, 94 [S.D.N.Y. 2009]). When possible, however, limited redaction, as opposed to wholesale sealing of court documents, should be considered (see Huntley, 943 F.Supp. at 386, citing In re New York Times Co., 828 F.2d 110, 116 [2nd Cir. 1987]).

Another potential interest which can merit closure is the defendant's interest in his or her own security. In U.S. v Doe (63 F.3d 121 [2nd Cir. 1995]), the defendant sought to have his trial closed on the ground that he feared for his and his family's safety in the event that a public trial was held, as he wished to use as a defense that his crimes had been committed pursuant to an agreement to act as an informant. The Second Circuit, relying on a test created by the United States Supreme Court, held that there was a four step process a court must engage in before deciding to close a proceeding: 1) the court must make specific findings on the record that there is a substantial probability of prejudice to a compelling interest (in this case the safety of the defendant and his family); 2) if such a finding is made, the court must consider whether reasonable alternatives to closure cannot adequately protect the compelling interest that would be prejudiced by public access; 3) if such alternatives are found lacking, the court must consider whether the prejudice to the compelling interest overrides the right of access; and 4) if closure is warranted, the court should devise a closure order that, while not necessarily the least restrictive means available to protect the endangered interest, is narrowly tailored to that purpose (see Doe, 63 F.3d at 128; see also Waller v Georgia, 467 U.S. 39, 46 [1984]). "The burden on the movant increases the more extensive the closure sought" (Doe, 63 F.3d at 129). A party seeking only a partial closure of a proceeding need only demonstrate a "substantial reason" for the closure, as opposed to an "overriding interest" (see Woods v Kuhlmann, 977 F.2d 74, 76 [2nd Cir. 1992]). Although the record must support an inference of a substantial probability of danger, "the lack of

a specific evidentiary configuration need not constrain the district court's discretion" to grant the motion for closure (Doe, F.3d at 130).  The problem of retaliatory acts against those producing adverse testimony is particularly significant in cases involving organized crime, and the lack of a direct threat may be attributable to the very confidentiality the defendant seeks to preserve (see id.). Because the record in Doe was sparse, the Second Circuit could not make a determination as to whether closure of the trial was merited, and remanded the case to the District Court for further proceedings consistent with its opinion (see id. at 131).

Even if, however, some of the factors enumerated in Doe weigh in favor of closing the proceeding, it is not necessarily an abuse of discretion for a hearing court to deny a motion to close the proceeding, anyway. In U.S. v. Doe (356 Fed.Appx. 488 [2nd Cir. 2009]), the defendant sought the total and permanent sealing of his sentencing transcript. The Second Circuit found that, even though the defendant had demonstrated the existence of a compelling interest and an absence of reasonable alternatives to protect that interest, it was not an abuse of discretion for the trial court to deny the defendant's motion (see Doe, 356 Fed.Appx. at 490).  The Court then remanded the issue to the District Court to afford the parties the opportunity to apply for a sealing which was partial, non-permanent, or both (see id. at 490).

The privacy concerns of a named cooperator were also addressed in U.S. v. Strevell (2009 WL 577910 [N.D.N.Y. Mar. 4, 2009]). There, pursuant to a plea agreement, the defendant, J. Felix Strevell, had promised to cooperate with the investigation and prosecution of others (see Strevell, 2009 WL 577910 at *1). That he had agreed to cooperate was publicly known (see id. at *2). Strevell sought to partially conduct proceedings in camera and subject to courtroom closure (see id. at *7). The court, however, saw no justification for the sealing of the sentencing proceedings (see id. at *8). To the extent Strevell's counsel might wish to refer to the specific

details of his cooperation in arguing for a reduced sentence, he only needed to do so in general terms, as the court would be aware of the precise details of his cooperation based upon its review of the unsealed and sealed sentencing submissions, and the court could likewise refer generally to the nature and extent of his cooperation in announcing its reasons for imposing a particular sentence (see id.). As such, the court did not order the sentencing proceedings closed to the public, although it did order the sealing of certain documents related to the proceeding (see id. at *8-*9).

Based on this case law and the particular facts of this case, it appears that Mr. ▇▇▇ sentencing proceeding should be closed to the public. The defendant can clearly demonstrate a compelling interest in his and his family's safety, and that disclosure might be prejudicial to this interest. The defendant cooperated with the authorities in the investigation and conviction of several other parties, including Neil Lombardo and Joseph Sclafani, both of whom are inducted members of the Gambino organized crime family of La Cosa Nostra and have violent criminal histories. Lombardo in particular is a very dangerous individual, as he was convicted in 2000 for attempting to murder the brother of an informant. At the time of the attempted murder, Lombardo had been a federal fugitive for almost seven years, and believed that the informant had provided information to the government. As such, he shot the informant's brother in the chest and neck and ran him over with a car. Thus, in this case we can demonstrate not only the existence of an organized crime structure which might seek to punish ▇▇▇ if it discovered that he had cooperated, but also the presence of a specific individual (Lombardo) who, in a previous similar circumstance, attempted to kill the brother of an informant. Insofar as no specific threats have been made against the defendant, that is precisely because of the confidentiality he wishes

to maintain. He thus has a compelling interest in his and his family's safety, and disclosure of his cooperation would be prejudicial to that interest.

There exists potentially a stronger argument that complete closure is the only adequate means to protect his interest than was present in some of the cases discussed above. Unlike in <u>Strevell</u>, the public has no knowledge of the defendant's cooperation with the authorities, and as such, closing the proceeding would offer him protection which would not have been gained from a closed proceeding in <u>Strevell</u>. Even if the defense were to, at the sentencing hearing, merely make reference to his cooperation without detailing its extent, the mere public disclosure that he had cooperated would expose him and his family to potential harm.

An alternative remedy which the defense would respectfully propose to the court if it refuses to grant the closure of the sentencing proceeding would be a temporary sealing of the proceeding, upon the expiration of which the threat to his family might be over.

█████s interest is so strong as to merit closing of the proceeding. This is not a case where the defendant merely seeks to protect himself from embarrassment or some proprietary interest. The defendant's life could be endangered if the proceeding were open to the public. A closure of the proceeding would also be narrowly tailored to protect this interest, and in this case, we would argue that it was indeed the least restrictive means available to protect this interest, as any amount of disclosure that the defendant had cooperated with authorities would potentially endanger him.

As such, the defendant has a meritorious claim that this proceeding should be closed to the public.

Respectfully submitted,

Joseph F. Kilada
Attorney at Law
